
FILED
JAN 10 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. **1:22-cr-00015**<br>**Judge Manish S. Shah**<br>**Magistrate Judge Susan E. Cox** |
| v. | ) ) ) ) ) ) ) ) | Violations: Title 15, United States Code, Sections 78j(b) and 78ff(a), and 17 C.F.R. Section 240.10b-5; Title 18, United States Code, Sections 371 and 1348(1) |
| CHRISTOPHER KLUNDT and DAVID SARGENT | | |

### COUNT ONE

The SPECIAL NOVEMBER 2020 GRAND JURY charges:

1. At times material to this Indictment:

    a. Defendant CHRISTOPHER KLUNDT, a resident of California, was a management-level employee of Company A.

    b. Defendant DAVID SARGENT, a resident of Chicago, Illinois, was an attorney licensed to practice law in the State of Illinois.

    c. Defendants CHRISTOPHER KLUNDT and DAVID SARGENT, who had been friends since attending college together, had co-founded in or about 2007 a company that had been acquired by Company A in or about 2018. Following that acquisition, KLUNDT continued to work for Company A, while SARGENT did not.

1

d. Individual A, who resided in Chicago, Illinois, was a friend and business associate of DAVID SARGENT.

e. Company A was a publicly traded company with its principal place of business in Santa Clara, California. Company A was engaged in the business of, among other things, education technology. Company A's stock was listed on the New York Stock Exchange and the NASDAQ, both of which were national securities exchanges.

f. On or about May 1, 2020, CHRISTOPHER KLUNDT attended via Zoom an internal Company A meeting during which information about Company A's First Quarter 2020 earnings were discussed in preparation for the public announcement of those earnings scheduled for May 4, 2020.

g. On or about May 4, 2020, Company A publicly announced First Quarter earnings, and the price of Company A's shares rose dramatically following the announcement.

h. As an employee of Company A, CHRISTOPHER KLUNDT owed a duty of trust and confidence to maintain the confidentiality of material, non-public information he learned as part of his job, and was prohibited from trading Company A stock based on that information.

i. Company A had a written policy expressly forbidding insider trading, based on material, non-public information about Company A or the companies with which it did business, in connection with buying or selling

2

stock of Company A or other companies. The policy specifically referred to "tipping" others who might make an investment decision on the basis of that information.

j. A call option to purchase a stock provided the holder the right, but not the obligation, to purchase a certain number of shares of a stock at a particular price (referred to as the "strike price") on a specific date in the future. A call option was "out of the money" if the strike price of the option was higher than the stock price at the time the option was purchased.

k. Company A stock options were traded on the NASDAQ.

**THE CONSPIRACY TO ENGAGE IN INSIDER TRADNG**

2. Beginning in or about April 2020, and continuing until no earlier than in or about September 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER KLUNDT and
DAVID SARGENT,

defendants herein, conspired with each other to commit an offense against the United States, that is, to willfully use and employ, by the use of means and instrumentalities of interstate commerce and the facilities of national securities exchanges, directly and indirectly, in connection with the purchase and sale of securities, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, by

3

(a) employing a device and scheme to defraud; and (b) engaging in an act, practice and a course of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

3. It was part of the conspiracy that:

a. CHRISTOPHER KLUNDT and DAVID SARGENT agreed to misappropriate for their own personal benefit material, nonpublic information. KLUNDT provided this information to SARGENT at a time when KLUNDT knew he was under a duty to protect the confidentiality of the information and to not use it—or provide it to anyone else to use—to trade in Company A's securities. KLUNDT received a personal benefit by providing this information to SARGENT as a gift to a friend and with the intention to benefit SARGENT, and knowing that SARGENT would use the material, nonpublic information to trade in Company A's securities. SARGENT knew this information was material, nonpublic information that KLUNDT had disclosed to him in breach of KLUNDT's duties to Company A and for SARGENT's use in trading Company A's securities. SARGENT further knew that KLUNDT received a personal benefit by providing him with the

4

information as a gift based on their friendship and with the intention to benefit SARGENT.

b. Sometime in April 2020 or early May 2020, but in any event no later than May 1, 2020, CHRISTOPHER KLUNDT learned through his employment at Company A that Company A was going to report strong earnings for its First Quarter 2020. The information KLUNDT learned was material and nonpublic. KLUNDT had a duty to Company A not to trade Company A securities while in possession of this information or tip the information to anyone to trade

c. No later than May 1, 2020, CHRISTOPHER KLUNDT provided to DAVID SARGENT material, nonpublic information about Company A's First Quarter earnings that were to be publicly announced on May 4, 2020. KLUNDT provided this information to SARGENT as a gift to his friend and with the intention to benefit SARGENT, and KLUNDT knowing that SARGENT would use this information to trade in Company A's securities.

d. DAVID SARGENT knew the information CHRISTOPHER KLUNDT provided to him was material, nonpublic information that KLUNDT had a duty to Company A not to misappropriate for his personal benefit. SARGENT knew that KLUNDT had provided him this information as a gift based on their friendship and with the intention to benefit SARGENT, knowing that SARGENT would use it to trade Company A's securities.

5

e. In or about the early afternoon of May 1, 2020, following the conclusion of Company A's internal meeting about First Quarter earnings—which CHRISOPHER KLUNDT attended—KLUNDT and DAVID SARGENT had a telephone call. Shortly after their telephone call ended, SARGENT purchased approximately 271 shares of Company A stock, which was priced at approximately $42 per share.

f. In or about the middle of the afternoon of May 1, 2020, also following the conclusion of Company A's internal meeting about First Quarter earnings and after he already had purchased approximately 271 shares of Company A stock, DAVID SARGENT purchased: (1) approximately 48 call options of Company A's stock with a strike price of $40 and an expiration date of May 15, 2020; and (2) approximately 166 call options of Company A's stock with a strike price of $50 and an expiration date of May 15, 2020. On May 1, 2020, the price of Company A's stock traded at a high price of less than $43 per share, and the share price was approximately $42 at the time SARGENT purchased the options. The total price of the Company A call options he purchased that day was about $9,960. SARGENT sought and received Individual A's assistance in purchasing the Company A options on May 1, 2020.

g. On May 4, 2020, DAVID SARGENT and Individual A called in and listened to the Company A earnings call to confirm the positive outlook

6

SARGENT expected to hear based on the information CHRISTOPHER KLUNDT had provided to him and to decide when and how to dispose of the Company A securities SARGENT had acquired approximately three days earlier. SARGENT and Individual A communicated with each other about the May 4, 2020, earnings call and what to do with the Company A securities SARGENT had acquired.

  h. On or about May 5, 2020, DAVID SARGENT sold his entire position of calls in Company A stock for a profit of approximately $103,000.

  i. On or about June 19, 2020, DAVID SARGENT sold the 271 shares of Company A stock he had purchased on May 1, 2020, for a total profit of approximately $7,000.

  j. On or about September 28, 2020, CHRISTOPHER KLUNDT responded to an inquiry made by the Financial Industry Regulatory Authority ("FINRA")—an entity investigating certain transactions in Company A securities made at around the time of Company A's May 4, 2020 earnings call—by denying that he recognized any names on a list of persons and entities that included DAVID SARGENT's name.

  k. CHRISTOPHER KLUNDT and DAVID SARGENT misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the conspiracy, the purposes of the conspiracy, and acts done in furtherance of the conspiracy.

## OVERT ACTS

4. To effect the object of the conspiracy, defendants CHRISTOPHER KLUNDT and DAVID SARGENT committed and caused to be committed the following overt acts, among others, at Chicago, in the Northern District of Illinois, and elsewhere:

   a. On May 1, 2020, following the conclusion of the Company A internal meeting that CHRISTOPHER KLUNDT attended, KLUNDT had a telephone call with DAVID SARGENT in which KLUNDT provided SARGENT with material, nonpublic information about Company A.

   b. On May 1, 2020, following his telephone call with CHRISTOPHER KLUNDT, DAVID SARGENT purchased approximately 271 shares of Company A stock.

   c. On May 1, 2020, following his telephone call with CHRISTOPHER KLUNDT, DAVID SARGENT also purchased: (1) approximately 48 call options of Company A's stock with a strike price of $40 and an expiration date of May 15, 2020; and (2) approximately 166 call options of Company A's stock with a strike price of $50 and an expiration date of May 15, 2020.

   d. On May 5, 2020, the day after the Company A public earnings call, DAVID SARGENT sold his entire position of Company A call options he had purchased on May 1, 2020.

8

e. On or about June 19, 2020, DAVID SARGENT sold the 271 shares of Company A stock he had purchased on May 1, 2020.

f. On or about September 28, 2020, CHRISTOPHER KLUNDT responded to an inquiry made by FINRA—an entity investigating certain transactions in Company A securities made at around the time of Company A's May 4, 2020 earnings call—by denying that he recognized any names on a list of persons and entities that included DAVID SARGENT's name.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO-FOUR

The SPECIAL NOVEMBER 2020 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. Beginning in or about April 2020, and continuing until no earlier than in or about September 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER KLUNDT and
DAVID SARGENT,

defendants herein, directly and indirectly, by the use of a means and instrumentality of interstate commerce, willfully used and employed, in connection with the purchase and sale of securities, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device and scheme to defraud; and (b) engaging in an act, practice, and a course of business which operated and would operate as a fraud and deceit upon any person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

3. The allegations in paragraph 3 of Count One of this indictment are incorporated here.

10

4. On or about the approximate dates and times below, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER KLUNDT and
DAVID SARGENT,

defendants herein, in connection with the purchase and sale of securities identified below, willfully used and caused the use of a means and instrumentality of interstate commerce, namely, the internet;

| Count | Approximate Date & Time | Transaction |
|---|---|---|
| Two | May 1, 2020, at 2:43 p.m. | Purchase of 24 Call Options for Company A stock at strike price of $40, with expiration date of May 15, 2020 |
| Three | May 1, 2020, at 2:43 p.m. | Purchase of 24 Call Options for Company A stock at strike price of $40, with expiration date of May 15, 2020 |

| Four | May 1, 2020, at 2:43 p.m. | Purchase of 166 Call Options for Company A stock at strike price of $50, with expiration date of May 15, 2020 |

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## COUNTS FIVE-SEVEN

The SPECIAL NOVEMBER 2020 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. Beginning in or about April 2020, and continuing until no earlier than in or about September 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

    CHRISTOPHER KLUNDT and
    DAVID SARGENT,

defendants herein, knowingly participated in a scheme to defraud persons in connection with securities of an issuer, namely Company A, with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, which scheme is further described below.

3. The allegations in paragraph 3 of Count One of this indictment are incorporated here.

4. On or about the approximate dates and times below, in the Northern District of Illinois, Eastern Division, and elsewhere,

    CHRISTOPHER KLUNDT and
    DAVID SARGENT,

defendants herein, executed their scheme to defraud by purchasing securities in Company A based on material, nonpublic information;

| Count | Approximate Date & Time | Transaction |
|---|---|---|
| Five | May 1, 2020, at 2:43 p.m. | Purchase of 24 Call Options for Company A stock at strike price of $40, with expiration date of May 15, 2020 |
| Six | May 1, 2020, at 2:43 p.m. | Purchase of 24 Call Options for Company A stock at strike price of $40, with expiration date of May 15, 2020 |
| Seven | May 1, 2020, at 2:43 p.m. | Purchase of 166 Call Options for Company A stock at strike price of $50, with expiration date of May 15, 2020 |

In violation of Title 18, United States Code, Section 1348(1).

# FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2020 GRAND JURY further alleges:

1. The allegations set forth above are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 371 and 1348(1), as alleged above,

CHRISTOPHER KLUNDT and
DAVID SARGENT,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property, real and personal, which constitutes and was derived from proceeds traceable to such violation.

3. The interests of KLUNDT and SARGENT subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include the sum of approximately $110,000.

4. If any of the forfeitable property described above, as a result of any act or omission by KLUNDT or SARGENT:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason Yonan on behalf of the
UNITED STATES ATTORNEY