IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CR 15-2 |
| | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | |
| CHRISTOPHER KLUNDT and | ) | |
| DAVID SARGENT, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT DAVID SARGENT'S RESPONSE TO THE GOVERNMENT'S POSITION PAPER REGARDING THE SUFFICIENCY OF THE ALLEGATIONS CONTAINED IN COUNTS 5-7 OF THE INDICTMENT

Defendant, DAVID SARGENT, by his attorneys, CHRISTOPHER T. GROHMAN and CARLY CHOCRON, hereby submits his response to the government's position paper regarding the sufficiency of the allegations contained in Counts Five through Seven of the indictment.[1]

In its position paper, the government asserts that it alleged sufficient allegations to put Defendants on notice that Counts Five through Seven charge Defendants with a misappropriation or embezzlement scheme to defraud

---

[1] The Government's Position Paper also argues that the Defendants have waived their right to seek dismissal of Counts Five through Seven of the indictment. Defendant Sargent has not moved to dismiss Counts Five through Seven of the indictment. Given that, based on the indictment, counsel assumed Counts 5-7 was securities fraud based on "insider trading" and not corporate embezzlement, there was no reason to move to dismiss the indictment. It was not until counsel read the jury instructions that it was apparent that the government was pursinug a new theory.

Chegg of its confidential business information. But that is not the case. The indictment in this case (Dkt. 1) only puts defendants on notice of a scheme to commit insider trading under 18 U.S.C. § 1348(1). For an indictment to be deemed sufficient, it must fairly inform the defendant of the nature of the charge so that he may prepare a defense. *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002). Here, the defense only learned of the government's intent to charge Counts Five through Seven as a misappropriation/embezzlement scheme against Chegg when the government filed its jury instructions and argued the misappropriation of Chegg at the jury instruction conference on Friday, January 13, 2023.

On page 5 of its position paper, the government articulates several facts that it alleges put Defendants on notice of its corporate embezzlement theory. However, each of these facts related to insider trading, not a securities fraud theory related to corporate embezzlement. First, the government talks about the Chegg corporate policy. But the policy is an *insider trading* policy. Second, the government argues that Klundt owed a duty to the company and was prohibited from *trading* on inside information.

The government also uses the indictments in *United States v. Blaszczak*, 17 CR 357 (S.D.N.Y) and *United States v. Chow*, 17 CR 667 (S.D.N.Y) in support of its contention that Counts Five through Seven adequately plead allegations that put defendants on notice of the

2

misappropriation/embezzlement of Chegg's confidential, material information. But the indictments in *Blaszczak* and *Chow* both include specific language putting those defendants on notice that the Title 18 charges charge the defendant with defrauding the companies at issue. In *Blaszczak,* in the portion of the indictment charging Section 1348, the indictment specifically states,

> "…the defendants, knowingly and intentionally executed a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, [defendants] and others schemed to defraud CMS of confidential information related to CMS's proposed radiation oncology rule by improperly obtaining that information through deceptive means and the converting that information to their own use, using cellular telephones and e-mail communications, for the purpose of executing securities transactions in Varian, Elekta, and Accuray stock."

(*See* Exhibit A to Dkt. 73, page 46, ¶ 88). The indictment in *Chow* also specifically alleges a fraud against the company at issue:

> "(c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons,. To wit, in violation of duties CHOW owed to Lattice, Firm-1 and Firm-2, CHOW provided CC-1 with material, non-public information regarding a potential merger between Lattice and Firm-1 and Firm-2 in anticipation that CC-1 would use the information to trade, and CC-1 did trade using the information in connection with the securities transactions described below[.]"

(*See* Exhibit B to Dkt 73, page 14, ¶ 33). The indictment here lacks any specific language whatsoever to put the defendants on notice that Counts Five through Seven charge them with misappropriation against Chegg. Rather, the allegations in paragraph three of this indictment, which are incorporated into Counts Five through Seven allege facts in support of insider trading, only putting defendants on notice of insider trading.

Dated: January 16, 2023              Respectfully submitted,

/s/ Christopher Grohman
Christopher T. Grohman
cgrohman@beneschlaw.com
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
(312) 212-4943

/s/ Carly Chocron
Carly A. Chocron
cchocron@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2600
Chicago, Illinois 60601-4208
(312) 836-4158

*Counsel for David Sargent*

4