1

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
             Plaintiff,         )
                                )
    vs.                         )  No. 22 CR 15-2
                                )
DAVID SARGENT,                  )  Chicago, Illinois
                                )  February 23, 2023
             Defendant.         )  2:48 o'clock p.m.


             TRANSCRIPT OF PROCEEDINGS - Hearing
             BEFORE THE HONORABLE MANISH S. SHAH


APPEARANCES:


For the Government:    HON. JOHN R. LAUSCH, JR.
                       United States Attorney
                       219 South Dearborn Street, Suite 500
                       Chicago, Illinois  60604
                       (312) 353-5300
                       BY:  MR. MATTHEW M. GETTER
                            MR. VIKAS K. DIDWANIA

For the Defendant:     BENESCH FRIEDLANDER COPLAN & ARONOF
                       BY:  MR. CHRISTOPHER T. GROHMAN
                       71 South Wacker Drive, Suite 1600
                       Chicago, Illinois  60606
                       (312) 212-4943

                       TAFT STETTINIUS & HOLLISTER, L.L.P.
                       BY:  MS. CARLY A. CHOCRON
                       111 East Wacker Drive, Suite 2800
                       Chicago, Illinois  60601
                       (312) 836-4158



           COLLEEN M. CONWAY, CSR, RMR, CRR
                   Official Court Reporter
           219 South Dearborn Street, Room 1918
                   Chicago, Illinois  60604
                       (312) 435-5594
             colleen_conway@ilnd.uscourts.gov
```

1     (Defendant not present.  Proceedings in open court:)
2             THE CLERK:  22 CR 15, U.S.A. versus Sargent.
3             THE COURT:  Why don't you step up to the podium,
4     please.
5             MR. GETTER:  Good afternoon, Your Honor.  Matt Getter
6     and Vikas Didwania on behalf of the United States.
7             MR. GROHMAN:  Good afternoon.  Chris Grohman and
8     Carly Chocron on behalf of Mr. Sargent.
9             THE COURT:  Good afternoon.
10            I wanted to see you because -- well, I wasn't sure
11    what I might want to do today, but I think I have arrived at
12    what I want to do today, which is tell you a little bit about
13    my current thinking, which might help shape the filings that
14    are about to come.
15            In part, I was also thinking I might be in a position
16    to just rule on the Rule 29 motion orally today.  I am not
17    going to do that.  I may still rule orally at some other
18    session.  But, in part, my thinking was to try and save time
19    and effort and resources on briefing.  But what I am going to
20    do is just share with you what my current thinking is to maybe
21    help you plan your next steps.
22            I know that, defense, I think you have not filed your
23    brief yet.  You have got your pending motion to use excess
24    pages.
25            Is that right?  I just want to make sure I didn't

1  miss a filing.

2  MR. GROHMAN: No. It is ready. But should Your
3  Honor say something that we would like to incorporate, we were
4  going to do that.

5  THE COURT: Understood. Well, I will grant your
6  motion for excess pages, and then you'll do with that what you
7  want to do with it after you hear what I am thinking. And I
8  think it might be useful if we even have a bit of a discussion.

9  So first, one thing that I have been thinking about
10 is the acquittal of Mr. Klundt. And my current thought about
11 that is that any logical inconsistency between that verdict and
12 the guilty verdicts here would not alone, at least it seems to
13 me, provide a basis to acquit Mr. Sargent or vacate the guilty
14 verdicts. I would look at the case against Mr. Sargent
15 separately, as if he were the sole defendant and tried alone,
16 and I would review the evidence to determine whether a rational
17 jury could convict.

18 The fact that a jury may have decided to compromise
19 and acquit one defendant while convicting the other is an
20 inconsistency in the law that -- is an inconsistency that the
21 law, I think, tolerates. That's at least my current thinking
22 about that.

23 But second, I do have real concerns that the evidence
24 in this case fell short, even viewing the evidence in the light
25 most favorable to the government.

1    As I am thinking about what this boils down to, my
2  thinking is, is the timing of Mr. Sargent's trades, the size
3  and nature of those trades, the timing of the phone contact
4  with Mr. Klundt, and the emoji enough to infer beyond a
5  reasonable doubt that Mr. Klundt gave insider information to
6  Mr. Sargent, knowing Mr. Sargent was going to trade on that
7  information?
8    Nested within that is a question I have been thinking
9  about about inferences and circumstantial evidence.
10   A jury is allowed to make reasonable inferences, but
11 if the inference to be drawn is the fact that proves guilt --
12 so in order to convict, the jury must infer that the content of
13 that phone call was a disclosure of material inside information
14 with the knowledge that the recipient was going to trade on
15 that, which, if true, establishes guilt.  If the inference, the
16 fact to be inferred, is the fact that proves guilt, then must
17 that inference be not just a reasonable inference to draw, but
18 it must be reasonable to draw that beyond a reasonable doubt?
19   If a jury would have to be confident beyond a
20 reasonable doubt to draw the inference that during this phone
21 call, the disclosure occurred, and that Mr. Klundt knew
22 Mr. Sargent would trade on it, then I think this may very well
23 be a case where the circumstantial nature of the case, the
24 potential inference upon inference would fall short of the
25 required proof beyond a reasonable doubt, and there would be a

1  directed verdict of not guilty.

2  So that's the issue on my mind as I am thinking about
3  the Rule 29 issue, is think about the circumstantial inferences
4  that need to be drawn and think about what is the strength of
5  that inference, how strong does the inference need to be.  In a
6  case like this, does that have to be a
7  beyond-a-reasonable-doubt inference as opposed to:  Well, a
8  jury can just draw reasonable inferences?

9  I think there's a potential difference between those
10 two ways of thinking about it; that:  Oh, a jury draws
11 reasonable inferences.  It's reasonable to infer this.  Once
12 that happened, that would be proof beyond a reasonable doubt.
13 Versus a jury is allowed to draw reasonable inferences, but if
14 the inference to be drawn is the one that proves guilt, must
15 that inference be so compelling to amount to proof beyond a
16 reasonable doubt?

17 I have not looked into whether this is articulated
18 this way in the case law, which is why I would want you to be
19 thinking about that to educate me if I am thinking about
20 this -- even if I am thinking about the question the wrong way,
21 which is fine.  I may be thinking about the question the wrong
22 way, and you can educate me about it.  But before we get too
23 far down the road in the briefing, that's one question on my
24 mind.

25 MR. GETTER:  Judge, could I interrupt for one moment?

1	THE COURT: Yeah.
2	MR. GETTER: I may be the only one of the four who's
3	just a little bit slow on this. I want to make sure I fully
4	understand the inference-upon-the-inference thing that you're
5	thinking about to make sure I understand.
6	You're saying that if -- the question, then, on your
7	mind is if -- one of the questions on your mind is if the
8	jury -- the inference that the jury drew or had to have drawn
9	was beyond a reasonable doubt -- no, wait. I'm not sure I'm
10	phrasing it right. Maybe you can rephrase it for me in simple
11	terms?
12	THE COURT: I'll try again.
13	MR. GETTER: But if I'm the only one, then I can talk
14	to --
15	THE COURT: No, no. I think it's worth talking it
16	out. I'll break it down here.
17	Factually, it seems the facts are: We've got trades
18	that Mr. Sargent executed. We've got the timing of contact.
19	We have the timing of a voice call. We have no direct evidence
20	of the content of that call. We have the emoji after the
21	announcement.
22	It seems, as the case was tried and argued, the
23	government's theory was, and is, that no disclosure of material
24	inside information was made before the phone call, for which we
25	do not have direct evidence of the content of that call.

So my question, or the question that's on my mind, is: To convict Mr. Sargent, the jury would have to infer that in that phone call, Mr. Klundt disclosed material inside information with the knowledge that Mr. Sargent was going to trade on it.

Without any direct evidence of what the content of that conversation was, this becomes a circumstantial case, and the jury would have to infer what was said in that phone call.

Now, when we talk about a jury drawing inferences, we say, as we do in the jury instructions: You are allowed to draw reasonable inferences, as long as they're reasonable and based on the evidence. So one might say: It's a reasonable inference that in this phone call, Mr. Klundt disclosed material inside information, knowing that Mr. Sargent traded on it.

If that is a reasonable inference, and a jury could draw it, then we would say the jury has found, as a matter of fact, there was a disclosure of material inside information in this phone call, knowing that Mr. Sargent would trade on it.

If that fact is correct, if the jury finds that fact, that is proof of guilt.

Now, I am adding on to that: Well, let's think about the burden of proof here. The burden of proof is proof beyond a reasonable doubt. So when you don't have direct evidence of the content of this communication -- you're saying it happened

1  in this phone call -- circumstantially, one should infer that
2  the disclosure of material inside information with the
3  knowledge that the tippee was going to trade on it occurred in
4  this phone call.
5      My added layer of thinking about the burden-of-proof
6  question becomes: Does that inference have to be beyond a
7  reasonable doubt? That I draw that inference with the
8  confidence of proof beyond a reasonable doubt? That it's
9  beyond a reasonable doubt that that is the inference I should
10 draw from the circumstances of the case?
11     And when I think about that, and if that is the right
12 formulation of the question, that is, I think, what might make
13 this case like the cases that talk about inference upon
14 inference, or there's too many steps to go from point A to
15 point B, and at some point, that becomes a circumstantial case
16 that fails the burden of proof.
17     MR. GETTER: Thank you.
18     THE COURT: So that's one issue on my mind, a thing
19 I'm thinking about. And, as I phrased it, I am telling you
20 that it's given me real concern that this case has fallen
21 short. And so that's my thinking on that.
22     There may very well be other arguments about Rule 29
23 that the defense may have, and that's, of course, fine, and
24 I'll look at those as well. But this is the one that I have
25 been thinking about the most during the trial and since the

1  trial.

2  And then there's another issue on my mind and
3  something that I have been thinking about, is that under Rule
4  33, I can evaluate the credibility of witnesses and the
5  credibility of evidence to decide whether a new trial should be
6  granted because the evidence was against -- because the
7  manifest weight of the evidence would not support a guilty
8  verdict.

9  And so under the lens of Rule 33 where I could
10 consider the credibility of the witnesses, one hypothetical
11 would be: What if I found Mr. Klundt credible? And his
12 testimony in the defense case, if I found that to be credible,
13 then I would, I think, necessarily find that the evidence was
14 against a guilty verdict, the manifest weight of the evidence
15 was against the government and would not support a guilty
16 verdict, because I would credit Mr. Klundt's testimony that he
17 didn't disclose any inside information and he didn't know
18 Mr. Sargent was trading. And then in that case, my conclusion
19 would be a grant of a new trial.

20 And I am raising this with you only because I am just
21 thinking through -- and I think it's correct that I consider
22 all of the evidence, including the evidence that had been
23 introduced in the defense case. But I am just positing this
24 out there for you in advance of briefing so that you can also
25 think about that.

1    So those are the thoughts that I had on my mind and I
2    wanted to share them with you as -- because it might help you
3    as you're briefing this.
4    And so since I summoned you here, are there any
5    other -- and since you have found me in a mood to muse out
6    loud, which sometimes I am not willing to do, if you want to
7    take me up on this current mood I'm in to ask me questions or
8    raise any issues you think are worth discussing, we can discuss
9    them.
10   MR. GETTER:  I hate a wasted opportunity, Judge, but
11   I don't have anything right now.
12   MR. GROHMAN:  Unless you want to tell us what the
13   jury had to say.
14   THE COURT:  I can tell you some things that the jury
15   had to say, but I'll do that off the record.
16   But before we go off the record, I would get both
17   sides' agreement that anything I tell you off the record about
18   what the jury said you would not use in any way in any of your
19   post-trial motions or in any way in this litigation.
20   Do I have your agreement on that?
21   MR. GETTER:  Government agrees.
22   MR. GROHMAN:  Absolutely, Your Honor.
23   On the record, can I just get an extension of two
24   weeks for the brief?
25   THE COURT:  Sure.  So it was -- it's due today --

1         MR. GROHMAN: Yeah.

2         THE COURT: -- otherwise. So March 9th.

3         How much time would the government like?

4         MR. GETTER: I think our response is due the 30th.

5 If we could get two more weeks, Judge?

6         THE COURT: April 13th.

7         And for a reply?

8         MR. GROHMAN: 27th, please.

9         THE COURT: Okay. The 27th for the reply.

10        Okay. Thank you. We will go off the record and be

11 in recess.

12        (Discussion held off the record. Proceedings concluded.)

13

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the Hearing proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on February 23, 2023.

| | |
|---|---|
| /s/ Colleen M. Conway, CSR, RMR, CRR | 03/06/23 |
| Official Court Reporter<br>United States District Court<br>Northern District of Illinois<br>Eastern Division | Date |